IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

**Case No. 4:04cr3-RH**
vs.                                                                       **Case No. 4:05cv449-RH/WCS**

MAURICE PERNELL McKINNEY,

        Defendant.

_____/


## REPORT AND RECOMMENDATION ON § 2255 MOTION

This cause is before the court for ruling on Defendant's motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255.  Doc. 96.  References to the motion and the attached memorandum in support in this report and recommendation are to the § 2255 motion and § 2255 memo, respectively.  The Government filed a response in opposition, and Defendant filed a reply.  Docs. 99 and 100.

**Procedural History**

Defendant was charged in a five count superseding indictment.  Doc. 18.  He entered a guilty plea to count five, possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e).  Doc. 38 (minutes of April 26, 2004).  Section 924(e), "popularly known as the Armed Career Criminal Act

(ACCA), mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies." Shepard v. United States, 544 U.S. 13, 15, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005).  A "violent felony" includes a "burglary."  § 924(e)(2)(B)(ii).  "[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990).

In advising Defendant of the maximum sentence that he faced on count five, the court said "it depends on whether you have three or more previous convictions for crimes of violence or serious drug offenses.  The government says that you do.  A crime of violence for purposes of this statute would include burglary of a structure."  Doc. 47 (transcript of April 26, 2004), pp. 16-17.  Mr. Murrell, counsel for Defendant, responded that "[i]f you look in the indictment, he has two counts of burglary of a structure, and he's got a robbery conviction.  He expressed some concern, but I've gone over the paperwork, and it seems clear to me that he does."  *Id.*, p. 17.  Counsel said that under the ACCA, "burglary of a structure counts," though under the Guidelines it had to be burglary of a dwelling.  *Id.*[1]  Counsel had also advised Defendant prior to the plea that his two convictions for burglary of a structure, plus his conviction for robbery, qualified

---

[1] As discussed in more detail ahead, burglary of a structure but not of a dwelling counts for sentencing under the ACCA but not for career offender sentencing under the Guidelines.  *See* Doc. 99, pp. 6-7.

him for ACCA sentencing with a 15 year minimum mandatory prison term.  Doc. 99-2

(letter from counsel to Defendant dated March 19, 2004).

The court advised Defendant that with three prior crimes of violence, he faced a

maximum term of life and a minimum of 15 years.  Doc. 47, pp. 17-18.  Defendant said

he understood.  *Id.*, p. 18.  The court asked Defendant, "do you have three convictions

of either a drug offense or a burglary or robbery – burglary of a structure or robbery?'

*Id.*, pp. 23-24.  Defendant said he did.  Murrell explained that Defendant thought his

robbery had been dropped to something else but he showed Defendant the judgement

indicating the offense was robbery.  *Id.*, p. 24.  Defendant agreed he had a conviction

for robbery and two convictions for burglary of a structure, all committed on different

occasions.  *Id.*

The day Defendant was to proceed to a bench trial on the remaining counts, he

entered a guilty plea to count two (possession with intent to distribute cocaine base in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)) and count three (possession of firearms

in furtherance of a drug trafficking offense in violation of 18 U.S.C. § § 924(c)(1)(A)(i),

(c)(1)(B)(i), and 2).  Docs. 18 and 50 (minutes of May 6, 2004).

Defendant was advised by the court and said he understood that he faced up to

twenty years imprisonment on count two, the drug charge.  Doc. 55 (transcript of May 6,

2004 proceedings), p. 14.

As to count three, the § 924(c) charge, two firearms were identified in the

indictment: a Rossi .38 caliber revolver and an Intratec 9 millimeter (Tec-9)

semiautomatic pistol.  Doc. 18, pp. 2-3.  Defendant wanted to enter his plea to the .38

revolver and not the Tec-9.  Doc. 55, pp. 5-8.  Defendant was advised that he faced a

maximum sentence of life on count three, and a minimum sentence (to be consecutive

to the sentence on count five, based on the earlier plea) of either five years, if based

only on the .38, or ten years if the court found he possessed the Tec-9.  *Id.*, pp. 14-15.

Defendant was advised that the guidelines sentence on count three would be the same

as the minimum mandatory sentence, and so could not be less than the minimum

mandatory sentence.  *Id.*, p. 16.  Defendant said he understood the potential penalties.

*Id.*, pp. 14-16.

The 2003 Edition of the Guidelines was used in preparation of the presentence

report (PSR) and at sentencing, PSR, ¶ 17, and all references to the guidelines are to

that edition.  Counts two and five were grouped, and U.S.S.G. § 2K2.1 used to calculate

the offense level.  PSR, ¶ 18.

> The guideline section for Count 3, a violation of 18 U.S.C. § § 924(c), is
> found in § 2K2.4.  Count 3 requires a consecutive 10 year term of
> imprisonment pursuant to statute and § 2K2.4.  Additionally, § 3D1.1(b)
> exempts this count from grouping.

PSR, ¶ 18, and ¶ 30 (again noting the ten years was mandated and this count could not

be grouped).  The Eleventh Circuit explained in its opinion:

> In addition, because McKinney had to serve a mandatory minimum
> statutory sentence of ten years' imprisonment for his § 924(c) offense in
> Count 3 of his superseding indictment, this statutory sentence was his
> guideline sentence for Count 3, pursuant to U.S.S.G. § 2K2.4(b), and
> Count 3 was exempted from the grouping, pursuant to U.S.S.G. §
> 3D1.1(b).

Doc. 91-2, p. 6, n. 3.

Because Defendant was subject to an enhanced sentence as an Armed Career

Criminal pursuant to § 924(e), his offense level for the grouped counts two and five was

raised to 34 pursuant to § 4B1.4(a) and (b)(3)(A).  PSR, ¶ 27.  He received two points

for acceptance of responsibility, for a total offense level of 32.  PSR, ¶ 28 and 29.  His

criminal history category was VI as an Armed Career Criminal.  § 4B1.4((c); PSR, ¶ 46.

His guideline imprisonment range on the grouped counts was 210-262 months.  PSR, ¶

66.  Adding the 120 months for count three (which was the minimum mandatory term

and therefore the guidelines sentence), the aggregate range was 330-382 months.

Doc. 78 (statement of reasons), p. 4.

After the plea but before sentencing, the Supreme Court decided Blakely v.

Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), applying the

rationale of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d

435 (2000) to a sentence enhanced under state sentencing guidelines.  In light of

Blakely, prior to sentencing Defendant filed a motion to find the United States

Sentencing Guidelines unconstitutional and a motion to withdraw his guilty plea.  Docs.

56 and 57.  Later, while Defendant's appeal was pending, Blakely was applied to the

Federal Sentencing Guidelines in United States v. Booker, 543 U.S. 200, 125 S.Ct. 738,

160 L.Ed.2d 621 (2005).

At sentencing on July 30, 2004, the court denied Defendant's motion to withdraw,

but found the guidelines unconstitutional.  Docs. 61 (minutes), 63 (denying the

Government's motion to modify sentence), and 78 (statement of reasons).  The court

considered the guidelines as not binding, and found that a total sentence of 300 months

– rather than a term of 330 months if the guidelines were binding – was appropriate.

Doc. 78, pp. 16-17 and n. 14; *see also* doc. 64 (transcript), p. 43.  The 300 months was

based on a total of 180 months on counts two and five to be served concurrently, and

the consecutive term of 120 months on count three.  Doc. 65 (judgment entered on the

docket on August 13, 2004).

> Defendant appealed.  As summarized in the Eleventh Circuit's opinion:

> McKinney argues on appeal that (1) his trial counsel provided ineffective assistance, (2) the district court abused its discretion in denying his motion to withdraw his guilty plea to the § 924(c) offense in Count 3, (3) the court erred in imposing a mandatory minimum ten-year consecutive sentence based on its judicial finding that McKinney possessed an Intratec 9 millimeter semi-automatic pistol, and (4) the court violated McKinney's Sixth Amendment right to a jury trial in considering the federal guidelines in sentencing him, in light of [Blakely] and [Booker].

Doc. 91-2, p. 2.

> The Eleventh Circuit declined to review the ineffective assistance claim on direct

appeal.  *Id.*, pp. 11-12.  The court found no abuse of discretion in denial of the motion to

withdraw guilty plea.  *Id.*, pp. 13-18.  The court also found no error in accepting

Defendant's plea on count three and sentencing him based on possession of the assault

weapon under an aiding and abetting theory.  *Id.*, pp. 19-23.  The court found no

violation of <u>Blakely</u>, or of <u>Booker</u> (decided while the appeal was pending).  *Id.*, pp. 24-

30.  There was no error to the extent the court calculated the guideline range based on

prior convictions or facts admitted by Defendant.  *Id.*, pp. 28-29.  As to other

calculations there was no error, as the court treated the guidelines as advisory and

imposed a sentence of 300 months, lower than the total range of 330-382 months set by

the guidelines.  *Id.*, pp. 29-30.

**Standard of Review**

> Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all

available claims on direct appeal, and (2) "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.' "

Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004) (citations and footnotes omitted).

An issue not raised on appeal is procedurally barred and will not be reviewed absent a showing of cause and prejudice.  United States v. Nyhuis, 211 F.3d 1340 , 1344 (11th Cir. 2000) (citations and footnote omitted); *see also* Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003) (noting "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice") (citations omitted).

A claim of ineffective assistance of counsel is itself a constitutional claim, and is cognizable under § 2255 whether or not it could have been raised on appeal.  Massaro v. United States, 538 U.S. at 504, 123 S.Ct. at 1693-94 (ineffectiveness claim could be brought under § 2255 in the first instance); Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000) ("ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim") (emphasis by the Court).

Ineffective assistance of counsel is a two part inquiry.  "A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and must also "affirmatively prove prejudice."  Strickland v. Washington, 466 U.S. 668, 690, 693-694, 104 S.Ct. 2052, 2066-68, 80 L.Ed.2d 674 (1984).  The court

need not approach the Strickland inquiry in any particular order, or address both prongs if an insufficient showing is made on one.  466 U.S. at 697, 104 S.Ct. at 2069. Defendant "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied*, 535 U.S. 926 (2002).  The cases which prevail under Strickland "are few and far between."  *Id.* (citation omitted).

To show prejudice where ineffective assistance of counsel is alleged in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 467 U.S. 52, 59, 106 S.Ct 366, 370, 88 L.Ed.2d 203 (1985) (footnote omitted).  To show prejudice due to alleged ineffectiveness at sentencing, Defendant must establish a reasonable probability that, absent counsel's errors, he would have been sentenced differently.  Strickland, 466 U.S. at 695, 104 S.Ct. 2069 (discussing prejudice in the context of a death sentence); Glover v. United States, 531 U.S. 198, 200, 202-204, 121 S.Ct. 696, 698, 700-701, 148 L.Ed.2d 604 (2001) (assuming sentencing guidelines error, a resulting increase in sentence by at least 6 and possibly 21 months would constitute prejudice under Strickland).

**Ground One**

In ground one, Defendant asserts that counsel was ineffective for failing to investigate the non-violent burglary convictions used to enhance his sentence under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.  § 2255 motion p. 5; § 2255 memo, p. 3. Defendant alleges that counsel erroneously advised him that his prior offenses met the

requirements for enhancement under the Armed Career Criminal Act.  § 2255 memo,
pp. 5-10.  Specifically, Defendant claims that two of the three prior felonies used to
enhance his sentence under the ACCA and Guidelines § 4B1.4(a) were for burglary of a
structure, and he argues that those do not count as a violent felony.  *Id.*, pp. 5-7.

Defendant repeats this argument within ground two, claiming he was mistakenly
deemed an armed career criminal pursuant to § 4B1.4 of the Guidelines and sentenced
to 180 months, though the statutory maximum was ten years under § 922(g)(1).  § 2255
memo, pp. 11-12.  He asserts in his reply that counsel should have discovered "that a
Third Degree Burglary conviction can not be used to enhance a defendant to the Armed
Career Criminal status."  Doc. 100, pp. 2-3, citing § 4B1.1 and United States v. Spell, 44
F.3d 936 (11th Cir. 1995).  He concedes that one of his convictions qualifies, but argues
the two burglaries of a structure, third degree felonies, do not count.  *Id.*, p. 3.

Defendant's statutory sentence for count five, pursuant to §§ 922(g)(1) and
924(e), was fifteen years to life.  PSR, p. 1 and ¶ 65.  Defendant seems to confuse §
4B1.4 of the Guidelines (implementing 18 U.S.C. § 924(e)) with § § 4B1.1 and 4B1.2,
regarding career offenders.  Spell involved involve "career offender" status under § §
4B1.1 and 4B1.2, not status as an "armed career criminal" under the ACCA or § 4B1.4.
Defendant was not sentenced as a career offender under the guidelines.  He was
sentenced as an armed career criminal pursuant to § 924(e) and § 4B1.4.  While
burglary of a structure that is not a dwelling does not count as a crime of violence for

career offender sentencing, it *does* count as a violent felony for sentencing as an armed career criminal under § 924(e) and § 4B1.4.  *See supra*, n. 1.[2]

To say that Defendant (or the person who drafted the argument for him) confuses these sections is to give him the benefit of the doubt.  In quoting 18 U.S.C. § 924(e), Defendant rewrote the statute, replacing the word "burglary" with the phrase "burglary of a dwelling."  § 2255 memo, pp. 6-7.  Respondent notes that instead of citing the definition under the ACCA, Defendant cites the definition under § § 4B1.1 and 4B1.2.  Doc. 99, p. 6, n. 1.  But there are other variations of words used in the two definitions,[3] so it is not as though Defendant simply copied the wrong definition (for example, by copying the definition of a crime of violence under § 4B1.2, as quoted in Spell).

In any event, the argument Defendant faults counsel for failing to make is unsupported.  Defendant cannot demonstrate error or prejudice, and ineffective assistance of counsel is not shown.

**Ground Two**

---

[2] *See also* Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990) (concluding "that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."); *and* Spell 44 F.3d at 938-939 ("by explicitly including the burglary of a dwelling as a crime of violence, the Guidelines intended to exclude from the violent crime category those burglaries which do not involve dwellings and occupied structures.") (discussing § § 4B1.1 and 4B1.2, other citations omitted).

[3] The opening sentence of § 924(e)(2)(B) states that "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year," or certain acts of juvenile delinquency.  The opening sentence of § 4B1.2(a) states that "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year . . . .""

Defendant claims that counsel did not prepare for sentencing, as he failed "to investigate the Statutory application and Guideline and Commentary for provisions covering the application of a Consecutive Sentence to be imposed pursuant to § 924(c), and the Un[d]erlying Offense(s) of § 841(a)(1), and § 922(g)(1) pursuant to [U.S.S.G.] at § § 2K2.4(a)." § 2255 motion, p. 5; § 2255 memo, p. 10.  He alleges that Guidelines § 2K2.4 was unknown to the court.  *Id.*, p. 11.

The claim that the court or counsel was unaware of § 2K2.4 is contradicted by the record.  As previously discussed, the PSR addressed the application of § 2K2.4.

There is no indication that there was an incorrect application of the Guidelines or § 2K2.4 to which counsel could have objected.  Defendant's argument now is that under § 2K2.4, when sentencing for a conviction under § 924(c)(1)(A)(i) and 924(c)(1)(B)(i), "the Court must determine the applicable sentence guideline and then [subtract] the 120 months for the Minimum and Maximum of the sentencing guideline range that was determined for the underlying offense pursuant to § 841(a)(1) and § 922(g)(1)." § 2255 memo, pp. 10-11.  He claims that under § 2K2.4, the sentence cannot exceed what would have been the maximum guideline sentence but for the § 924 conviction.  *Id.*, p. 12, citing Amendment 489.  Defendant repeats that the mandatory term "must be [subtracted] from the Minimum and Maximum of the underlying offense guideline range, because the § 924(c) Count arises out of the Underlying offense, had there been no underlying offense, there would be no § 924(c) count." *Id.*, pp. 12-13.

Under § 924(c) and § 2K2.4 the minimum mandatory term is *consecutive*, and is not to be grouped in determining the sentence range of the other offenses.  That the sentence would be consecutive was clearly explained and understood by Defendant

when he entered the plea.  Defendant appears to base his argument on commentary to

§ 2K2.4, as added by Amendment 489,[4] which is applicable where an upward departure

is made under that section.  No such upward departure applied here, and there was no

error of counsel or resulting prejudice for the failure to make an argument lacking

support.

Defendant also claims in ground two that the statutory maximum for count two

was ten years, and "because of the fact that petitioner does not have any prior

convictions for Substance Controlled Offenses, section (b)(1)(c) can not be applied."  §

2255 memo, p. 11.  The argument is contrary to the statute, which provides a statutory

maximum of twenty years regardless of prior offenses, and a maximum of thirty years if

committed after a prior conviction for a felony drug offense has become final.  §

841(b)(1)(C); PSR, ¶ 65 (citing the statute).  The twenty year maximum was clearly

explained and understood by Defendant when he entered his plea.  Ineffective

assistance of counsel for failing to raise a baseless argument is not shown.

**Additional Ground**

---

[4] Amendment 489, effective in 1993, simplified the operation of § 2K2.4 by replacing the former procedure and instead "authorizing an upward departure in the unusual case in which the combined sentence for an underlying offense and a firearms or explosives offense (under 18 U.S.C. § 844(h), § 924(c), or § 929(a)) is less than the maximum of the guidelines range that would have resulted if there had been no additional conviction for the firearms or explosives offense."  Amendment 489 (under "Reason for Amendment").  The language inserted by the amendment provided that "[a]n upward departure under this paragraph shall not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a)."  Amendment 489.  This language appeared in the 2003 Edition as § 2K2.4, comment. (n. 4).

Case Nos. 4:04cr3-RH and 4:05cv449-RH/WCS

In his conclusion, Defendant restates his arguments.  He also claims that the court found he possessed the Tec-9 by a preponderance of the evidence in violation of the Sixth Amendment, citing Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).  § 2255 memo, p. 14.  This is another way of stating the argument under Apprendi, Blakely and Booker.[5]  The issue was argued and rejected in this court and on appeal.  Doc. 64, pp. 3-18; doc. 78, pp. 3-4; doc. 91-2, pp. 13-18 (finding no abuse of discretion in denying the motion to withdraw the plea on this count); 19-23 (finding no error, under Apprendi and its progeny or otherwise, in the imposition of a mandatory minimum prison sentence based the assault weapon in count three); and 24-30 (considering the Booker and Blakely claims as properly preserved, finding no reversible error).[6]

---

[5] In Apprendi, the Court "confirm[ed] the opinion that we expressed in *Jones*. Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.

[6] The Eleventh Circuit would not consider the ineffective assistance claim based on counsel's admission that he "got it wrong" in advising Defendant that the assault weapon was a sentencing factor rather than an element of the offense.  Doc. 91-2, pp. 11-12.  That claim is not r epeated in the § 2255 motion, but to the extent that it is, it is unsupported.  The Eleventh Circuit concluded (with respect to the motion to withdraw the plea) that the type of weapon *is* a sentencing factor, and that counsel did not misadvise Defendant by telling him this was a sentencing factor for the court to determine.  *Id.*, p. 16.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that Defendant McKinney's 28

U.S.C. § 2255 motion, doc. 96, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on June 12, 2007.


s/    **William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:04cr3-RH and 4:05cv449-RH/WCS