IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

vs.                                                  Case Nos.: 4:04cr3/RH
                                                                       4:15cv167/RH/CAS

**MAURICE PERNELL McKINNEY,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and incorporated memorandum of law. (Doc. 137). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was sentenced on July 30, 2004, to a term of 300 months imprisonment after pleading guilty to controlled substance and weapon offenses. (Doc.

65). The Eleventh Circuit affirmed his convictions and sentence (doc. 91) and Defendant then filed a motion to vacate under 28 U.S.C. § 2255 in November of 2005. (Doc. 96). The court denied Defendant's motion in July of 2007. (Docs. 102, 104). Defendant appealed and the Eleventh Circuit denied his request for a certificate of appealability, thus in essence affirming the district court's ruling. (Doc. 124). In 2008, Defendant filed a motion to reduce his sentence, and the court denied his motion in 2009 after supplementation and response from the Government. (*See* docs. 126, 129, 131). There was a long period of inactivity, but Defendant recently filed another motion to modify his sentence (doc. 136) shortly before filing the instant motion to vacate. (Doc. 137).

Defendant's motion is not on the proper form, and the basis for his request for relief is not clearly stated. However, requiring Defendant to amend his motion at this juncture would be futile. Because Defendant has previously filed a § 2255 motion that was reviewed on the merits, this court does not have jurisdiction to consider Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. Defendant has not obtained authorization from the

Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 137), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

Case Nos.: 4:04cr3/RH; 4:15cv167/RH/CAS

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this <u>8th</u> day of April, 2015.

<u>/s/ CHARLES A. STAMPELOS</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).